IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SAMUEL THELLER, <br><br> Plaintiff, <br><br> v. <br><br> PROF-2013-S3 LEGAL TITLE TRUST, <br> by U.S. Bank National Association, <br> as Legal Title Trustee,[1] <br><br> Defendant. | No. 3:20-cv-03321-E-BT |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

    This is the second time PROF-2013-S3 Legal Title Trust, by U.S. Bank National Association, as Legal Title Trustee (the "Trust"), has removed this civil action from state court, and the second time Plaintiff Samuel Theller has filed a motion to remand on the basis that the removal was untimely. At the end of the parties' first trip to federal court, the court granted Theller's motion to remand "[b]ecause subsequent decisions in state court may dictate whether this case was timely removed." *Theller v. US Bank Nat'l Ass'n ("Theller I")*, 2019 WL 7038360, at *1 (N.D. Tex. Dec. 19, 2019) (Fitzwater. J.). Specifically, the court found the state court's ruling on reconsideration of the then-pending motion for a new trial "may conclusively determine whether [the Trust] was properly served and thereby

---

[1] The correct name of the removing defendant is "PROF-2013-S3 Legal Title Trust, by U.S. Bank National Association, as Legal Title Trustee." The style of the case is amended to reflect the correct name.

1

determine when the time for removal was triggered." *Id.* at *2. However, the state court's ruling did not address whether the Trust was properly served. Rather, the state court vacated a default judgment in Theller's favor and granted the motion for a new trial without making any finding regarding service. As the court predicted, *see id.* at *3, the Trust removed the case again and argues anew that removal is timely because it was not properly served. This time there is no impediment to answering the question presented. And as explained in these Findings, Conclusions, and Recommendation of the United States Magistrate Judge, the Court should find that Theller never properly served the Trust and, therefore, removal is timely. The Court should DENY Theller's Motion to Remand (ECF No. 6).

## Background

This lawsuit involves questions regarding title to Theller's home in Mesquite, Texas (the "Property"). *See* Pl.'s Mot. 2. In July 2017, the Trust foreclosed its mortgage lien on the Property. *See* Pl.'s App. 43 (ECF No. 6-1). Almost two years later, on April 19, 2019, Theller filed suit in the 95th Civil District Court of Dallas County, Texas seeking to invalidate the foreclosure sale. *Id.* at 40.

Theller named "U.S. BANK NATIONAL ASSOCIATION" (USB), "in its capacity as Trustee for the PROF 2013 LEGAL TITLE TRUST" (Prof-2013) as the defendant in his state court action.[2] *Id.* at 41. He then served USB under the Texas

---

[2] Despite attaching the Substitute Trustee's Deed of Trust—which reflects the Trust's correct name—to his original petition, Theller consistently omits the "S3"

2

Estates Code by delivering a citation addressed only to USB—without any mention of its role as a trustee—and a copy of his original petition to the Texas Secretary of State on May 20, 2019. *See id.* at 51. When no answer was filed, the state court granted Theller's motion for default judgment against USB, as trustee for Prof-2013, and sent USB notice of the default judgment. *Id.* at 283.

On August 6, 2019, USB filed a motion in state court to set aside the default judgment and for a new trial. *Id.* at 202-07. In its motion, USB used the same case style and party names as Theller's original petition. *Id.* at 212 ¶ 2. USB argued the default judgment must be set aside because it only "inadvertently" missed the answer deadline and had meritorious defenses to Theller's claims. *Id.* at 203-04 ¶¶ 4-14. The state district court agreed and granted USB's motion on October 3, 2019. Pl.'s App. 225-26. Theller attempted to vacate the state court's order setting aside the default judgment through the state appellate process, by filing a petition for writ of mandamus with the Court of Appeals for the Fifth Judicial District of Texas on October 23, 2019. Pl.'s Mot. 2 ¶¶ 6-8; Pl.'s App. 231-62; Def.'s Resp. 3-4 ¶¶ 8-16.

Shortly thereafter, on October 28, 2019, the Trust filed its first Notice of Removal to federal district court. Pl.'s Mot. 2 ¶ 5; Def.'s Resp. 3 ¶ 9. In response, Theller filed his first motion to remand in which he argued that removal was untimely because the Trust "filed its notice of removal more than five months after

---

suffix from the Trust's name in his state court pleadings.

3

it was served" and "over three months after it filed its motion for a new trial." Pl.'s App. 278 ¶ 6; *see Theller I*, 2019 WL 7038360, at *2. The Trust opposed remand, explaining removal was timely because it was not properly served. *Theller I*, 2019 WL 7038360, at *2. Specifically, the Trust argued that because Theller requested a citation which clearly names as the defendant "'U.S. BANK, NATIONAL ASSOCIATION,' not the correct Defendant name 'PROF-2013-S3 LEGAL TITLE TRUST, BY U.S. BANK NATIONAL ASSOCIATION, AS LEGAL TITLE TRUSTEE,'" the Trust was never formally served, and therefore the time limit for removal had not yet begun. *Id*. Theller objected that the Trust never argued it was improperly named in state court and so it should be estopped from making that argument in federal court. *Id*. He also argued that any error regarding the Trust's name was only a "misnomer" under state law, which would not invalidate service. *Id*. Theller insisted that because the Trust "clearly knew that it was sued," it had been properly served well over 30 days before removing the case. *Id*.

The federal district court declined to address the parties' arguments and instead determined that the potentially dispositive ruling in the state court proceeding cast "doubt as to the propriety of removal." *Id*. The court therefore remanded the action to state court until the appellate process was complete. *Id*. (citing *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008)); *see* Def.'s Resp. 3 ¶ 9. In its order, the court expressly noted that "remand at this stage does not prejudice defendant's ability to remove in the future." *Theller I*, 2019 WL 7038360, at *3. And the court instructed that "if the default judgment is vacated and a new

trial granted without a finding regarding service, defendant may remove again and argue anew that removal is timely because it was never properly served." *Id.*

On December 11, 2019, the Texas Court of Appeals abated the mandamus proceeding because the state district judge who granted the new trial was elevated to the Court of Appeals, and a successor judge had yet to be appointed to fill the vacancy. Def.'s Resp. 3 ¶ 10. On June 11, 2020, a visiting judge vacated the default judgment in Theller's favor and granted USB's motion for new trial. *Id.* at 4 ¶¶ 12-13; *see* Pl.'s App. 554-55. The Court of Appeals reinstated and then denied Theller's petition for writ of mandamus on July 29, 2020. Pl.'s App. 561. Theller filed another writ of mandamus with the Supreme Court of Texas on August 21, 2020. *Id.* at 5-35. The Supreme Court denied the petition on October 16, 2020. *Id.* at 563-67. At that point, the Trust deemed the case to be "fully reopened and ready for substantive action." Def.'s Resp. 4 ¶ 16.

Consequently, on November 5, 2020, the Trust removed this case to federal court for a second time on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Notice of Removal 4-5 (ECF No. 1). In its Notice of Removal, the Trust reasserted its contention that "Plaintiff never served Prof-2013**-S3** Legal Title Trust, by U.S. Bank National Association, as Legal Title Trustee who is the proper defendant in this lawsuit. Plaintiff improperly named Defendant and did not serve Defendant properly." *Id.* at 2; *see id.* at 4 ("Plaintiff NEVER served the correct defendant and, instead, has attempted to tie this case up in procedural limbo since the improperly named Defendant appeared in the case. The correct Defendant voluntarily

5

appears."). Therefore, the Trust avers, removal is timely under 28 U.S.C. § 1446(b).

Theller subsequently filed the pending motion to remand in which he again argues that removal was untimely. *See* Pl.'s Mot. Specifically, Theller contends the time for removal commenced on May 20, 2019, when he served USB as a foreign corporate fiduciary under the Texas Estates Code by delivering to the Texas Secretary of State the citation addressed to only USB, not in any representative capacity, and a copy of his original petition, which incorrectly named USB, as trustee to Prof-2013, as the defendant. *Id*. at 8-9. Furthermore, even if service was improper, Theller argues USB waived service by filing a motion for a new trial in state court on August 6, 2019. *Id*. at 5-6. Alternatively, Theller contends that the Trust should be judicially estopped from claiming that it was never properly served because "[n]owhere in the motion [for new trial] does *Defendant* contend that service on it was not effective" and "proffered an affidavit acknowledging . . . *Defendant* was served with process." *Id*. at 6 (emphasis added); *see id*. at 6-9.

In response, the Trust again explains that the "owner of the Note [evidencing Theller's mortgage] and Deed of Trust [securing the Note], and, therefore, the correct defendant for this lawsuit is PROF-2013-**S3** LEGAL TITLE TRUST, BY U.S. BANK NATIONAL ASSOCIATION, AS LEGAL TITLE TRUSTEE." Def.'s Resp. 2 ¶ 4 (emphasis added); *see, e.g.,* Pl.'s App. 48, 108, 110, 121. But Theller "incorrectly named" and sued "U.S. Bank National Association, as Trustee for the Prof-2013 Legal Title Trust." *Id*. Then, Theller incorrectly served USB and "never formally served the correct defendant and real party in interest." Def.'s Resp. 7 ¶ 23

6

(citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999)). Therefore, "the timeframe for removal never even began." *Id.* Moreover, the Trust argues USB could not appear on its behalf in state court because the Trust was never formally served. Def.'s Resp. 8 ¶ 24. The Trust contends USB, as trustee for Prof-2013, "sought a new trial on behalf of the incorrect defendant" to protect the Trust's interests in the Property, and "the Motion for New Trial clearly shows the incorrect Defendant, U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR THE PROF—2013 LEGAL TITLE TRUST, sued by Plaintiff was the Defendant seeking a new trial." *Id.* ¶¶ 24-25; *see* Pl.'s App. 286.

The issues have been fully briefed, and Theller's motion for remand is ripe for determination.

## Legal Standards

Under 28 U.S.C. § 1446(b)(1), "[t]he notice of a removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). "Time for removal commences on formal service of process, '*not* by mere receipt of the complaint unattended by any formal service.'" *Bd. of Regents of Univ. of Tex. Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007) (emphasis in original) (quoting *Murphy Bros.*, 526 U.S. at 347-48).

Section 1446(b)'s 30-day limit on removal is a procedural limitation that is mandatory and to be strictly construed. *Moss v. U.S. Bank Nat'l Ass'n*, 2017 WL

7

4923894, at *2 (N.D. Tex. Oct. 31, 2017) (Fitzwater, J.) (citing *Cervantez v. Bexar Cnty. Civ. Serv. Comm'n*, 99 F.3d 730, 732 (5th Cir. 1996)). While the 30-day limitation is a federal rule in removed cases, "the question whether the plaintiff has properly served the defendant is determined by reference to the applicable state law." *Thevenet v. Deutsche Bank Nat'l Tr. Co.*, 2017 WL 4475880, at *2 (N.D. Tex. Oct. 6, 2017) (Fitzwater, J.) (citing *Murphy Bros.*, 526 U.S. at 348).

### Analysis

I. <u>Theller never formally served the Trust.</u>

Theller asserts that he properly served "Defendant" on May 20, 2019, thus starting the removal clock on that date. Pl.'s Mot. 4-5. Theller is wrong. The removal clock has never started because, to this date, Theller has not formally served the Trust. Def.'s Resp. 7.

Theller's original petition names USB, "in its capacity as Trustee for the PROF 2013 LEGAL TITLE TRUST," as the defendant in this action. Pl.'s App. 41 ¶ 2. The petition alleges that USB is a "foreign corporate fiduciary;" is being sued "in its fiduciary capacity as Trustee;" is "domiciled in the State of Ohio;" and has its main office in the state of Ohio. *Id.* The petition further alleges that USB may be served through the Secretary of State by delivering the citation and copy of the petition on its registered agent, CT Corporation Systems. *Id.* Relying on these allegations, Theller attempted to serve USB as a foreign corporate fiduciary under § 505.005 of the Texas Estates Code. *See* TEX. EST. CODE § 505.005. However, Theller requested a citation addressed only to "U.S. Bank, National Association."

8

In addition to satisfying the requirements to plead jurisdictional facts sufficient to allege USB is a foreign corporate fiduciary amenable to service under the Texas Estates Code, Theller must comply with the Texas Rules of Civil Procedure for citations and petitions to effect valid service. *See U.S. Bank Tr., N.A. v. AJ and Sal Enters., LLC*, 2021 WL 1712213, at *3 (Tex. App.—Dallas Apr. 30, 2021, no pet.). Contrary to Theller's assertion, "mere knowledge of a pending suit does not place any duty on a defendant to act." *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990).

In Texas, a citation must show the names of the parties and be directed to the defendant. TEX. R. CIV. P. 99(b). Here, Theller listed different entities as the defendant in his petition and on the citation, which renders the citation invalid and ineffective. *See Deutsche Bank, Nat'l Tr. Co. v. Kingman Holdings, LLC*, 2015 WL 6523712, at *3 (Tex. App.—Dallas Oct. 5, 2015, pet. denied). And the failure to identify USB as a trustee in the citation is fatal to effective service on USB in a representative capacity. *Id.* (holding that a citation that omitted any indication that the addressee was acting in representative capacity failed to accomplish service on that entity in a representative capacity); *AJ and Sal Enters.*, 2021 WL 1712213, at *3; *see also Cannedy v. Wells Fargo Bank, N.A.*, 2017 WL 4211050, at *5 (E.D. Tex. Sept. 5, 2017), *rec. adopted*, 2017 WL 4181705 (E.D. Tex. Sept. 21, 2017). Moreover, the correct name of the Trust does not appear on any citation, petition,

9

or subsequent motion.³ Accordingly, Theller did not formally serve the Trust on May 20, 2019, and the removal clock did not start on that date.

II. <u>The Trust never generally appeared.</u>

In the alternative, Theller argues removal was untimely because the 30-day removal clock started on August 6, 2019, when "Defendant" made a general appearance in state court, filing a motion to set aside the default judgment and for a new trial. Pl.'s Mot. 5. Again, Theller is wrong. As the Trust argues, "[i]t was not until [the Trust] removed this matter . . . that the correct Defendant voluntarily appeared in [this] lawsuit." *See* Def.'s Resp. 7, 8.

The 30-day removal clock begins to run upon formal service or waiver of service. *Bebee v. Motorola Sols., Inc.*, 2017 WL 1180428, at *7 (S.D. Tex. Mar. 29, 2017) (citing *Murphy Bros.*, 526 U.S. at 344). Under Texas law, if a defendant makes a general appearance, the appearance waives service; it has the same effect "as if the citation had been duly issued and served as provided by law." TEX. R. CIV. P. 120; *Jones v. Sheehan, Young & Culp, P.C.*, 82 F.3d 1334, 1340-41 (5th Cir. 1996).

"In determining whether conduct is sufficient to be considered a general appearance, the focus is on an affirmative action that impliedly recognizes the court's jurisdiction over the parties." *Jones*, 82 F.3d at 1340 (internal citations

---

³ The Court need not consider whether Theller's errors regarding the Trust's correct name constitute misidentification or a misnomer. Even if the errors amounted only to a misnomer, the citation was addressed to a different entity—USB—and that entity was not identified as a trustee.

omitted); *see Dawson-Austin v. Austin*, 968 S.W.2d 319, 322 (Tex. 1998) ("A party enters a general appearance whenever it invokes the judgment of the court on any question other than the court's jurisdiction; if a defendant's act recognizes that an action is properly pending or seeks affirmative action from the court, that is a general appearance." (citation omitted)).

Here, Theller incorrectly named USB, as trustee for Prof-2013, as the defendant in this lawsuit. He then served USB without any indication it was being sued in a representative capacity. USB appeared in state court, as trustee for Prof-2013. Indeed, as the Trust argues, "the Motion for New Trial clearly shows the incorrect Defendant, U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR THE PROF—2013 LEGAL TITLE TRUST, sued by Plaintiff was the Defendant seeking a new trial." Def.'s Resp. 8 ¶¶ 24-25; *see* Pl.'s App. 286.

The Trust never appeared in Texas court, and the Trust never took an affirmative action to recognize Texas courts' jurisdiction over it. Therefore, the Trust never generally appeared in state court. Theller's cumulative errors in naming and serving different, incorrect parties and his imprecise use of the defined term "Defendant" in his briefs cannot alter this fact. Because the Trust did not appear on August 6, 2019, the removal clock did not start on that date.

### III. Theller's arguments regarding judicial estoppel are meritless.

Last, Theller argues that "Defendant" should be judicially estopped from arguing service was defective because it did not make that argument in state court. Pl.'s Mot. 6. This assertion is belied by the record and inapplicable in this context.

11

*See* Def.'s App. pt. 2, at 239-41 (ECF No. 1-2).

"Judicial estoppel is a common law doctrine that prevents a party from assuming inconsistent positions in litigation." *Firefighters' Ret. Sys. v. Grant Thornton, LLP*, 894 F.3d 665, 670 (5th Cir. 2018). Judicial estoppel requires: "(1) the party against whom judicial estoppel is sought has asserted a legal position which is plainly inconsistent with a prior position; (2) a court accepted the prior position; and (3) the party did not act inadvertently." *Id*.

Here, Theller asserts "Defendant did not contest that it was properly named and served" in state court proceedings. Pl.'s Mot. 8. This is plainly contradicted by the record. Transcripts from the state court proceedings show USB argued to the trial court "the defendant is just wrongly named, and another entirely different party was served, so that's another issue." Def.'s App. pt. 2, at 240. In response, the trial court recognized "[t]he true owner might have a cause of action to clear title." *Id*. Thus, USB actually raised the issue that the Trust was not properly named or served. Further, as explained above, the Trust never appeared in state court because it was never properly served. And the Trust never argued that it had been properly named or served. Therefore, the Trust did not earlier assert an inconsistent legal position, and no state court ever accepted such an inconsistent legal position. Theller is not entitled to estop the Trust based on his own cumulative errors and his imprecise use of the defined term "Defendant." Theller's judicial estoppel argument is therefore without merit.

IV. <u>The Trust timely removed this case.</u>

The record in this case establishes Theller failed to properly serve the Trust. Thus, the 30-day removal clock never started to run and the Trust's removal was timely. *Thompson v. Deutsche Bank Nat'l Tr. Co.*, 775 F.3d 298, 306 (5th Cir. 2014) ("[W]e conclude that [defendant's] removal period did not begin to run . . . because it was never properly served. The case was therefore removable.").

The record also establishes the Trust never generally appeared in state court, and the Trust is not estopped from challenging service now. Accordingly, the Court should DENY Theller's motion to remand.

## Recommendation

The Court should DENY Theller's motion (ECF No. 6).

**SO RECOMMENDED**.

September 3, 2021.

                                  REBECCA RUTHERFORD
                                  UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).